# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**DAVID EDWARD AYERS**,
      Plaintiff,

v.                                          Case No. 20-C-1343

**MATTHEW TESCH and
DENNIS SANTIAGO,**
      Defendants.
___

## ORDER

On November 15, 2021, the defendants moved to compel the plaintiff to participate in discovery and his deposition, which he refused to do without the assistance of an attorney. ECF No. 40. The defendants explained that the plaintiff had not obtained an attorney on his own, and he had not asked the court to recruit one for him. On November 16, 2021, I ordered the plaintiff to respond to the defendants' motion to compel by December 6, 2021, or I would dismiss his case for failure to prosecute. ECF No. 47. I explained that the plaintiff is not entitled to counsel, and I would recruit one for him only if he showed "both that he has made a reasonable attempt to obtain counsel on his own and is unable to litigate the matter without an attorney. *Id.* at 2 (citing *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021); *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)).

The plaintiff now moves the court to recruit counsel for him. ECF No. 48. He states, without elaboration, that he is "unable to move forward without counsel." *Id.* He asks that the court either recruit counsel for him or "direcect [sic] me The correct direction to obtain [an a]ttorney in order for me to exhaust my Remedies on this civil suit." *Id.*

As noted, I explained the criteria the plaintiff must satisfy for the court to recruit him counsel. The plaintiff first must show he made a good faith effort to hire counsel. *Pickett*

*v. Chicago Transit Auth.,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

The plaintiff's motion says nothing about the efforts he made to obtain counsel on his own. He does not tell the court how many lawyers he attempted to contact on his own (if any) and does not provide any information he sent to those attorneys or received in response. Nor does he tell the court that he did not receive a response from any lawyers he contacted. His failure to satisfy this element on its own is reason to deny his motion.

Even if he had satisfied the first element, the plaintiff also fails to show he is not able to litigate this matter himself. This second inquiry "requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second element, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). I examine "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–91. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the

case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, I may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

The complaint is clear and straightforward. It alleges the defendants conducted an inappropriate and unnecessary cavity search on the plaintiff in June 2020. These are simple allegations without the need for extensive discovery or expert witnesses. Nothing about the complaint suggests the plaintiff has literacy, intellectual, or psychological issues that would prevent him from litigating this lawsuit on his own. Nor does he suggest otherwise in his motion, which states only that he is "unable to move forward without counsel." He does not explain *why* he requires an attorney's assistance to move forward with discovery. There is no reason to believe the plaintiff cannot adequately explain his allegations on his own without the assistance of counsel. And as previously explained, he "is not entitled to counsel in this civil lawsuit." ECF No. 47 at 2.

The plaintiff has not satisfied his burden to show he needs counsel to litigate this case effectively. I will therefore deny his motion to recruit counsel. Because he fails to show his need for counsel, he has not provided good cause for his failure to diligently prosecute this lawsuit, as I previously ordered him to do. I will grant the defendants' motion to compel. If the plaintiff does not appear for a deposition and meaningfully participate in it, or if he otherwise fails to participate in discovery, I will dismiss this lawsuit with prejudice for the plaintiff's failure to diligently prosecute it. *See* Civil. L. R. 41(c). The defendants shall send the plaintiff a notice of their intent to depose him within the next thirty days. If the plaintiff fails to appear for that deposition or meaningfully participate in it, the defendants must notify the court in writing.

**THEREFORE, IT IS ORDERED** that the defendants' motion to compel (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to recruit counsel (ECF No. 48) is **DENIED**.

The defendants shall depose the plaintiff within thirty days. If the plaintiff fails to appear for and meaningfully participate in that deposition, or if he otherwise fails to litigate this lawsuit, I will dismiss it with prejudice.

Dated at Milwaukee, Wisconsin this 15th day of December, 2021.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
United States District Judge