UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID EDWARD AYERS,
    Plaintiff,

v.                                                                    Case No. 20-C-1343

MATTHEW TESCH and
DENNIS SANTIAGO,
    Defendants.

## DECISION AND ORDER

On March 1, 2022, the defendants moved for summary judgment. ECF No. 54. I ordered the plaintiff to respond within thirty days—by March 31, 2022. Text Only Order of March 2, 2022. I advised the plaintiff that if he did not respond as the Federal and Local rules require, I would consider the motion unopposed and rule on it without his input. *Id.* The court sent that order to the plaintiff at the Milwaukee County Jail, where he previously was incarcerated. The Wisconsin Department of Corrections website shows that the plaintiff was transferred to Dodge Correctional Institution on March 25, 2022. *See* https://appsdoc.wi.gov/lop/home.do (DOC #604529). But the March 2, 2022 Text-Only Order was not returned to the court as undeliverable, nor has any previous order sent to the plaintiff been returned to the court. The plaintiff has not advised the court of any issues receiving mail at the Jail or at Dodge Correctional Institution. I have no reason to believe the plaintiff did not receive the previous order.

The March 31, 2022 deadline has passed, and the plaintiff has not responded. Because the plaintiff did not respond to the defendants' motion or proposed findings of fact, I will construe the motion as unopposed and their proposed facts as undisputed.

I reviewed the defendants' motion, brief, and declarations in support, and the undisputed facts. *See* Fed. R. Civ. P. 56(e)(2). I also reviewed the evidence the defendants filed in support of their motion, including the video exhibit of the incident. ECF No. 57-6; ECF No. 66. I conclude that the defendants are entitled to judgment as a matter of law on the plaintiff's Fourth Amendment claims against them. *See* Fed. R. Civ. P. 56(e)(3).

The defendants also move to restrict view of the plaintiff's medical records (ECF No. 57-11, Ex. 1010) to the parties and the court. ECF No. 52. A party requesting to file documents as restricted or under seal must show good cause for such restriction and file a redacted version for public viewing, if possible. *See* General L. R. 79(d)(1), (3). However, "[t]he strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002); *see also City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014).

The defendants assert that most of the plaintiff's medical records produced in this litigation are unrelated to the alleged injury underlying the plaintiff's complaint. They say their motion and brief provide only the relevant information for review of the issue at hand, so it is unnecessary to allow unrestricted public access to the entirety of the plaintiff's medical records. The defendants filed a redacted version of this exhibit as well as an unredacted version for the court's review. Given the nature of the exhibit, and given that the plaintiff's medical records were not necessary for me to reach a decision in this matter, I find there is good cause to grant the defendants' motion to restrict access to the plaintiff's medical records (Exhibit 1010).

**IT IS THEREFORE ORDERED** that the defendants' motion to restrict the plaintiff's medical records (ECF No. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' unopposed motion for summary judgment (ECF No. 54) is **GRANTED**. This case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 11th day of April, 2022.

                                                      s/Lynn Adelman
                                                    LYNN ADELMAN
                                                    United States District Judge